IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BENJAMIN SHUPP, | NO. 18-2-25476-4 SEA |
| Plaintiff, | COMPLAINT |
| v. | |
| WALMART INC.; JOHN DOES 1-10, | |
| Defendants. | |

1.  COMES NOW the Plaintiff, Benjamin Shupp, who alleges as follows:

**INCORPORATION**

2.  By way of this reference, each paragraph contained herein is incorporated as support for each paragraph which follows.

**PARTIES**

3.  At all relevant times, Plaintiff Benjamin Shupp was a resident of Kootenai County, Idaho.

4.  At all relevant times, Defendant Walmart Inc. was incorporated in the State of Delaware. Hereinafter, this Defendant is referred to as "Walmart."

COMPLAINT - 1

RUSSELL & HILL, PLLC
3811-A BROADWAY
EVERETT, WA 98201
PHONE - (425) 212-9165
FAX - (425) 212-9168

5. At all relevant times, Walmart conducted substantial and continuous business throughout the State of Washington, including in King County, Washington.

6. Walmart, through its employees and agents, caused Plaintiff's injuries and damages as alleged herein and to be proven at trial.

7. Defendants John Does 1-10 are persons or entities with involvement in the offloading and receipt of product deliveries to Walmart whose identities are not presently known to Plaintiff.

## JURISDICTION AND VENUE

8. The superior courts of the State of Washington have jurisdiction over the parties and subject matter of this litigation.

9. Venue is proper in King County under RCW 4.12.025.

## FACTUAL BACKGROUND

10. The subject incident occurred on April 14, 2016.

11. The subject incident occurred at a Walmart store on East Sprague Avenue in Spokane Valley, Spokane County, Washington.

12. On that date and at that location, Benjamin Shupp delivered milk to Walmart. Mr. Shupp did so as a delivery driver employed by Estenson Logistics.

13. As he had done on numerous prior occasions, Mr. Shupp backed his truck and trailer up to Walmart's designated offloading area.

14. Mr. Shupp then exited his truck, entered the Walmart store, and communicated with Walmart personnel regarding his milk delivery.

COMPLAINT – 2

RUSSELL & HILL, PLLC
3811-A BROADWAY
EVERETT, WA 98201
PHONE – (425) 212-9165
FAX – (425) 212-9168

15. Mr. Shupp then proceeded to offload the milk. To offload the milk, Mr. Shupp transferred the milk from his trailer across a metal plate that spanned the distance between his trailer and the Walmart store.

16. While Mr. Shupp was in his trailer, and before Mr. Shupp had cleared the offloading area, one or more Walmart employees and agents removed the metal plate that spanned the distance between Mr. Shupp's trailer and the Walmart store.

17. No one informed Mr. Shupp that the plate had been removed.

18. Mr. Shupp was not aware the plate had been removed.

19. In removing the metal plate, Walmart, through its employees and agents, created a dangerous gap between the trailer and the Walmart store.

20. Mr. Shupp stepped back to secure his pallets, to where the metal plate was before it had been removed, and fell.

21. Mr. Shupp sustained injuries in the fall including to his right shoulder.

22. All actions and inactions of Walmart personnel alleged herein and to be proven at trial were done within the course and scope of employment with and/or as agents of Walmart. Walmart is liable for the conduct of its employees and agents in this case.

**CAUSE OF ACTION: NEGLIGENCE**

23. Walmart owed Plaintiff a duty to exercise ordinary care for his safety.

24. Walmart's duties to Plaintiff included a duty to maintain its premises in a reasonably safe condition.

25. Walmart's duties to Plaintiff included a duty to correct temporary unsafe conditions that were brought to the actual attention of Walmart or that existed for a sufficient

COMPLAINT – 3

RUSSELL & HILL, PLLC
3811-A BROADWAY
EVERETT, WA 98201
PHONE – (425) 212-9165
FAX – (425) 212-9168

length of time and under such circumstances that Walmart should have discovered them in the exercise of ordinary care.

26. Walmart's duties to Plaintiff included a duty to exercise ordinary care to protect Plaintiff against dangers Walmart knew or should have known about that involved an unreasonable risk of harm to Plaintiff.

27. Walmart, through its employees and agents, breached each of these duties as alleged herein and to be proven at trial.

28. Walmart, through its employees and agents, breached its duties by removing the metal plate and thereby creating a dangerous gap between Plaintiff's trailer and the store.

29. Walmart, through its employees and agents, breached its duties by failing to inform Plaintiff it had removed the metal plate.

30. Walmart breached its duties by failing to have policies and procedures that were effective in practice in providing Plaintiff with a safe offloading area.

31. As a direct and proximate result of Defendant's breach of its duties as set forth herein, Plaintiff has suffered personal injuries resulting in economic and non-economic damages as alleged herein and to be proven at trial.

## DAMAGES

32. As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered physical injuries and is entitled to fair and reasonable compensation.

33. As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred medical expenses and other out-of-pocket expenses and is entitled to fair and reasonable compensation.

COMPLAINT – 4

RUSSELL & HILL, PLLC
3811-A BROADWAY
EVERETT, WA 98201
PHONE – (425) 212-9165
FAX – (425) 212-9168

34. As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred past, present and future lost wages and loss of earning capacity and is entitled to fair and reasonable compensation.

35. As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered physical pain and suffering and is entitled to fair and reasonable compensation.

36. As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional distress and is entitled to fair and reasonable compensation.

37. As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered loss of enjoyment of life and disability and is entitled to fair and reasonable compensation.

38. As a direct and proximate result of the negligence alleged herein, Plaintiff is entitled to attorney's fees.

39. As a direct and proximate result of the negligence alleged herein, Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in the Complaint.

40. Said losses will continue into the future, requiring fair and reasonable compensation in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

41. Economic damages for Plaintiff in such amounts as are proven at trial.

42. Noneconomic damages for Plaintiff in such amounts as are proven at trial.

43. Costs including reasonable attorney's fees for Plaintiff as are proven at trial.

COMPLAINT – 5

RUSSELL & HILL, PLLC
3811-A BROADWAY
EVERETT, WA 98201
PHONE – (425) 212-9165
FAX – (425) 212-9168

44. Prejudgment interest on all liquidated damages.

45. For such other and further relief as the Court deems just, equitable and proper for Plaintiff at the time of trial.

DATED this 5 day of September, 2018.

RUSSELL & HILL, PLLC

*[signature]*

DEAN F. SWANSON, WSBA #40638
MATTHEW T. RUSSELL, WSBA #31297
JAMES V. HILL, WSBA #31654
Attorneys for Plaintiffs

COMPLAINT – 6

RUSSELL & HILL, PLLC
3811-A BROADWAY
EVERETT, WA 98201
PHONE – (425) 212-9165
FAX – (425) 212-9168